PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 2 0 2025

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# IN THE UNITED STATES DISTRICT COURT

FOR THE ___Northern___ DISTRICT OF TEXAS

___Dallas___ DIVISION
___Supplemental___

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

___LARRY Gene FRANCIS___
**PETITIONER**
(Full name of Petitioner)

vs.

___Bryan Collier___
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

___TDCJ-ID / Byrd Unit___
**CURRENT PLACE OF CONFINEMENT**

___#353248___
**PRISONER ID NUMBER**

**3-25CV1303-G**

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.    Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.    Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.    Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check <u>all</u> that apply)

☐    A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
     probation or deferred-adjudication probation.
☑    A parole revocation proceeding.        (Answer Questions 1-4, 13-14 & 20-25)
☐    A disciplinary proceeding.        (Answer Questions 1-4, 15-19 & 20-25)
☐    Other:_____        (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.    Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently <u>serving</u> or that is under attack: _____

Criminal District Court #5; Dallas County, Dallas, Texas

2.    Date of judgment of conviction: Not sure, early 1983?

3.    Length of sentence: Life - TDCJ

4.    Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: challenging parole revocation, not crimi-
conviction/sentence; Revocation #12384417

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☐ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☐ Jury   ☐ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☐ No

8.  Did you appeal the judgment of conviction?   ☐ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _____

    _____  Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)? _____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result: _____

    Date of result: _____   Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11. If your answer to ~~10~~ 14 is "Yes," give the following information:

    Name of court: _Criminal District Court #5 / Court of Criminal Appeals_

    Nature of proceeding: _§ 11.07 HAbeas Proceeding_

    Cause number (if known): _WR- 2Q 785 - 09_

–3–

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: unsure exact date - early 2019

Grounds raised: Perjured testimony; no evidence; innocence; cannot recall others

Date of final decision: Aug. 21, 2019

What was the decision? Denied without written order

Name of court that issued the final decision: Court of Criminal Appeals

As to any second petition, application or motion, give the same information:

Name of court: Federal District Court - Dallas, Texas

Nature of proceeding: §2254 Habeas Proceeding

Cause number (if known): Not sure - records "lost" when TDCJ "lost" property

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
Same as above - records "lost" - late 2019/early 2020

Grounds raised: Same as §11.07 above

Date of final decision: Same as date/Number above - unsure - records "lost"

What was the decision? Denied

Name of court that issued the final decision: Federal District Court - Dallas, Texas

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☐ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

(b) Give the date and length of the sentence to be served in the future: _____

3ʳᵈ Petition:

Name of Court: Fifth Circuit Court of Appeals - New Orleans, LA
Proceeding: C.O.A. Petition
Case #: unsure- records "lost" - think it was 20-10534(?)
Date filed: unsure - same as above - "lost"
Grounds: same as §11.07/§2254 above
Date final decision: middle/late 2020 (?)
Decision: denied
Court issuing decision: Fifth Circuit Court of Appeals

4th Petition:

Name of Court: U.S. Supreme Court
Proceeding: Petition for Writ of Certiorari
Case #: 20-1066 I believe, again Records/property "lost" by TDCJ
Date filed: late 2020
Grounds: same as above petitions
Date final decision: Dec, 2020
Decision: denied
Court issuing decision: U.S. Supreme Court

2ⁿᵈ "Round" of Petitions: 1ˢᵗ Petition:

Name of Court: Criminal District Court #5/Court of Criminal Appeals
Proceeding: §11.07 Habeas Petition
Case #: WR-20,785-10
Date filed: unsure - late 2023/early 2024
Grounds: Innocence - successive petition request
Date final decision: July 17, 2024
Decision: Dismissed without written order
Court issuing decision: Court of Criminal Appeals

2ⁿᵈ Petition:

Name of Court: Fifth Circuit Court of Appeals, New Orleans, LA

82254                        - 4A -

Proceeding: Request to file Successive Petition

Case #: unsure - Record "lost" by TDCJ

Date filed: after July 2024/ before Dec 2024

Grounds: Innocence

Date final decision: unsure - late 2024

Decision: Denied

Court issuing decision: Fifth Circuit Court of Appeals, New Orleans, LA

(c) Have you tried, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**

13.  Date and location of your parole revocation: _Oct. 18, 2018 / Houston, Texas_

14.  Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☑ Yes  ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.  For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes  ☐ No

16.  Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17.  Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.  Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?  ☐ Yes  ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
_____
_____
_____

19.  Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes  ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1  Result: _____

~~Date of Result:~~

Step 2  Result: _____

~~Date of Result:~~

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:** Petititioner was deprived of Due Process when he was factually innocent of violating BPP imposed SISP conditions but revoked for allegedly violating SISP conditions

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was not on BPP imposed SISP conditions (Ex. A - herein) but was Revoked and imprisoned for SISP condition violations (Ex. C - orig §2254 filed April 2025) and was factually innocent of violating BPP imposed SISP conditions at all times.

B.  **GROUND TWO:** Petitioner's right to remain on parole was violated w/out Due Process when he was revoked even though he was factually innocent of violating BPP imposed SISP conditions

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Texas law gave petitioner the right to remain on parole as long as he complied with conditions of parole imposed by the BPP. Petitioner was not on BPP imposed SISP conditions (Ex. A herein) yet his parole was revoked for SISP violations. If he was not on BPP imposed SISP conditions he can be nothing but factually innocent of violating BPP imposed SISP conditions.

C.    **GROUND THREE:** Petitioner was denied Due Process when parole was revoked when he was never charged nor found to have violated BPP imposed conditions as required by state law

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Texas law requires that a BPP imposed condition must be violated before parole can be revoked. Francis was never charged with nor found to have violated a BPP imposed condition. He was revoked for allegedly violating a TDCJ-PD policy and TDCJ-PD and the BPP are seperate state agencies (Ex. E-§2254 petition filed April 2025)

D.    **GROUND FOUR:** Petition denied Due Process of law when his parole was revoked and he was imprisoned with no lawful authority.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Texas law requires a BPP imposed condition must be violated before parole can be revoked and lawful authority is always required before a person can be deprived of liberty. Francis was not charged with BPP condition violations and no law in Texas allows allows revocation/imprisonment for TDCJ policy violations, meaning the revocation and imprisonment are void of lawful authority.

21.    Relief sought in this petition: Overturn revocation; reinstate parole to Houston, Texas (no monitor); issue wrongful imprisonment and factual innocence declaration; order release within ten (10) days; declare revocation and imprisonment without lawful authority; any and all further relief deemed just by the Court

revocation or disciplinary proceeding that you are attacking in this petition?  ☑Yes  ☐No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_See #11 herein - petitions were denied_

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☑ Yes  ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_All "grounds" are contained in Ground Three of the petition filed April 2025 - Upon receipt of letter from BPP proving factual innocence, I rewrote the "grounds" though they're already part of the original petition in Ground Three + Arg. + Auth. there._

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☑ Yes  ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _§2254 petition filed April 2025 - See above_

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging: _NOT attacking judgement, but NO attorney at any stage of revocation proceedings_
   (a) At preliminary hearing: _N/A_

   (b) At arraignment and plea: _N/A_

   (c) At trial: _N/A_

   (d) At sentencing: _N/A_

   (e) On appeal: _N/A_

   (f) In any post-conviction proceeding: _N/A_

(g)    On appeal from any ruling against you in a post-conviction proceeding:  N/A

---

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

Because just got A letter from BPP (in 2nd week of April 2025) wherein
BPP admitted I was NOT on the condition I was revoked
for. Tried for 6 years, many times, in letters, appeals, §11.07 and
§2254 petitions, mandamus petitions, etc, to get admission & finally
got it in letter from Cynthia Flores, BPP, written March 12, 25.

---

[1]    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Wherefore, petitioner prays that the court grant such relief to which he/she may be entitled.

_____
Signature of Attorney (if any)

*Larry Gene Francis*
Petitioner
_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

*April 29, 2025* _____ (month, day, year).

Executed (signed) on *April 29, 2025* _____ (date).

*Larry Gene Francis*
Signature of Petitioner (required)
_____

Petitioner's current address: *my current address is 21 Fm 247 - Byrd Unit, Huntsville, Texas 77320, tho my actual unit of assignment is Hughes Unit, 3201 Fm 929, Gatesville, Texas 76597. I am here only going to John Sealy hospital, waiting to go back to Hughes Unit.*

Exhibit "A"

March 12, 2025 letter from BPP

Affidavit

My name is LARRY Gene FRANCIS, TDCJ #353248, and I declare under penalty of perjury under any and all state and federal perjury laws, that the following is true and correct:

"I have one copy of the March 12, 2025 letter from the BPP from Cynthia Flores-PO V of the BPP. The letter proves 100% that I am innocent of violating BPP imposed SISP conditions, I was not on BPP imposed SISP conditions, and my revocation and imprisonment are void of any lawful authority. My "Special" (mail to Courts, etc is being opened by the TDCJ mailrooms with no valid reason and I've had instances where mail, documents, etc, have come up missing. I've also, over the past 1-1½ years, had my right of "Access to Courts" interfered with in other ways: legal mail held by Law Library personnel; attempts to force me to send legal mail to addresses other than the real address; attempts to send mail as "general" when it was factually and legally Special or Legal mail, etc. I'm happy to present the letter in the event the Court grants an Evidentiary Hearing on my filed §2254 petition (April 2025) but fear the letter and all copies in the BPP files will "disappear" if I enclose it herein, as it proves my innocence and wrongful imprisonment, but also proves a widespread and ongoing violation of state and federal laws and constitutional violations by the BPP and TDCJ-Parole Division officials - known and willing violations. A copy of said letter is in my BPP + TDCJ-PD files and cannot be destroyed by TDCJ as long as I have my original because my copy CAN be verified as real by experts should the BPP and TDCJ-PD destroy their copy and try to say mine is forged, etc. I know they've done worse, for instance: BPP officials blatantly lied in writing to a Dallas attorney who tried to help me in my attempts to overturn the illegal hearing in an attempt to discourage him from assisting me, etc, giving him incorrect "requirements" to do before could assist me, etc.
I've asked for an Evidentiary Hearing in the accompanying §2254 petition and if granted will prove 100% all claims herein.
Further I say not."

_Larry Gene Francis_
LARRY Gene FRANCIS #353248 - Affiant
Byrd Unit - 21 FM 247
Huntsville, Texas 77320


Signed this _29th_ day of _April_, 2025

_Larry Gene Francis_
LARRY Gene FRANCIS

Exhibit "B"

Showing of "Grounds" herein already
being presented (exhausted) to
State Court via several §11.07
Habeas Corpus petitions

Affidavit

My name is Larry Gene Francis, TDCJ #353248, and I declare the following is true and correct under penalty of perjury under any and all state and federal perjury laws:

"The allegations contained in the "Supplemental" §2254 petition concerning innocence, wrongful imprisonment, etc, have been presented to the Criminal District Court in Dallas, Texas as well as the Court of Criminal Appeals in Austin, Texas on at least two (2) seperate occasions in the last 2-3 §11.07 petitions filed by myself over the Revocation of my parole. The last §11.07 petition, filed over invalid parole denial reason, was the first petition to be filed over parole denial that occurred March 2024, but contained details of the issues herein in support of Ground Three of the petition (same as April 2025 §2254 petition herein). That §11.07 petition, the first over parole denial, was dismissed without written order pursuant to §11.07 rules pertaining to "successive petition" applications even though it was not a successive petition. This shows the C.C.A., by dismissing it and the previous §11.07 containing said grounds, has seen the issues and "passed" on them. It was only the 2nd week of April 2025, that I got the March 12, 2025 letter from Cynthia Flores-P.O. I of the BPP, that proves factual innocence of violating conditions my parole was revoked for, as well as statutorily void authority to revoke my parole and imprison me, and that letter is described in detail in Ex. A herein and the Arguments and Authorities attached hereto.
Further I say not."

*Larry Gene Francis*
LARRY GENE FRANCIS #353248- Affiant
Byrd Unit - 21 FM 247
Huntsville, Texas 77320


Signed this 29th day of April, 2025.

*Larry Gene Francis*
LARRY GENE FRANCIS

## ARGUMENTS & AUTHORITIES
### ON ALL GROUNDS

Title 37, Texas Admin. Code (T.A.C.-Also known as Board Rules) §145.22(b) says that parole will continue As long As conditions of parole imposed by the (Board of Pardons and Paroles (BPP)) parole panel Are complied with. A "parole panel" is defined in Title 37 T.A.C. §141.111(30) as a "three member decision making body of the Board" (of Pardons and Paroles)(BPP). Stated differently, parole will not continue (be revoked) if conditions imposed by the BPP Are not complied with. No mention is made of compliance or non-compliance with Any conditions of any kind imposed by any other agency that will affect the continuance or dis-continuance (revocation) of parole. Title 37 T.A.C. §145.22(b) is the only law in Texas stating what could result in A "technical revocation" (revocation for Anything other than commission of a new crime) And it makes clear it has to be a BPP imposed condition that is violated.

FRANCIS was revoked for Alleged violations of Super Intensive Supervised Parole (SISP) (Ex. A).
FRANCIS was not on BPP imposed SISP (Ex. B-1st sentence After Question #1) As proven by Cynthia Flores-POI of the BPP who clearly stated in response to Question #1 "when did the BPP (Board)

A & A                    -1-

put you (Francis) on SISP after removal in late 2016/early 2017?":

"The Board (BPP) did _NOT_ put you on SISP a second time..." As

Francis was not, it is clear, put back on SISP after removal from

SISP in 2016/2017, then he obviously was not on SISP when he was

revoked for SISP violation allegations in 2018.

Any claim or argument by the state that SISP was imposed pursuant

to any TDCJ-PD policies fails as Ms. Flores also states in her letter that the

_Board_ imposes/modifies Special Conditions and the _TDCJ-PD_ "enforces the rules to en-

sure compliance with conditions." Further, Texas Government Code §508.0441 (a)(e)(3)

gives the BPP the _sole_ duty and responsibility to impose/modify Special Conditions of

parole and, in Texas Government Code § 493.005 and §508.112, it is clear that the

TDCJ-PD has the sole duty and responsibility to "supervise/monitor releasees

to... ensure compliance with conditions" imposed by the BPP.

By their own admission, Francis was not on BPP imposed SISP conditions and

in order for his parole to be revoked for SISP violations, the BPP must have

him on SISP conditions. They did not.

T.A.C. §145.22(b) created the right, the expectation, to remain on pa-

role as long as he complied with conditions imposed by the BPP.

A + A                    -2-

At the same time it created an expectation that parole would be revoked only for

violation of a BPP imposed condition when it placed a limitation on the discre-

tion of the BPP to revoke parole only if a BPP imposed condition was violated.

"Even though the Due Process does not embody a right...a state statute
could create an entitlement or expectation if it places limitations on
...discretion..." Ex parte Montgomery, 894 S.W.2d 324 (CCA. 1995);
see also Olim v Wakinekona, 461 U.S. at 238; Bagley v Rogerson,
5 F.3d 325; Kentucky Dept. of Corrections v. Thompson, 490 U.S.
454 (1989); Hewitt v Helms, 459 U.S. 460.

The rights, expectations and limitations created and placed by T.A.C. §145.22(b)

are clear no matter how it is read: As long as BPP imposed conditions are

complied with parole will continue nor will parole be dis-continued for

anything other than a BPP imposed condition violation.

Petitioner's parole was revoked for alleged violations of TDCT-PD/POP

3.15.1, which is a policy illegally created and used by the TDCT-PD

in order to "override" state laws (T.G.C. §493.005, §508.0441 (a)(2)(3)

and §508.112) so they can impose/modify Special Conditions even after

the State legislature made it clear that that was the sole duty

and responsibility of the Board of Pardons and Paroles only.

(emphasis mine). Neither the BPP nor TDCT-PD has authority to "allow"

themselves or each other to do more or less than allowed by

A←A                                    -3-

law or the Legislature. As such, all policies are void and, under Texas law, justify no acts performed under them.

"Since an unconstitutional law is void, it bestows no power or authority... and justifies no acts performed under it." Reyes v State, 753 S.W. 382 (CCA-1988) citing 16 Am. Juris 2d, Const. Law § 256 at p. 17.

The policies violate Texas Constitution Art. I §28 and Art. II, §I, Seperation of Powers and No Suspension of Laws Except by Legislature. The TDCT-PD cannot make a policy that allows them to override state law and impose/modify Special Conditions also, when only the BPP may do so. Only the Legislature can give them that power, and only the Legislature can suspend TGC. §508.0441 (a)(2)(3) to allow the TDCT-PD to impose/modify conditions also. The TDCT-PD took on the role of the legislature in doing both, a clear violation.

Further, TDCT-PD/POP 3.15.1 violates the U.S. Constitution's Equal Protection of the Laws because it targets a select group of parolees for no valid reason, to impose harsher restrictions that serve no purpose other than to make it easier to unlawfully revoke parole of the targeted group.

As no law in Texas allows revocation of parole for a TDCJ policy, valid or not, Francis is imprisoned with no lawful authority.

As the conduct allegedly violated was not conduct proscribed by the

A+A                                    -4-

BPP or law, the revocation and incarceration resulted in a miscarriage of justice, violating Due Process of Law.

"Although Court's have framed the actual innocence factor differently... the core idea is that the Petitioner may be imprisoned for conduct that was not pediolited" and "the incarceration of one whose conduct is not criminal (prohibited-my emphasis) in-herently results in a complete miscarriage of justice." *Alex-ander v Johnson*, 217 F. Supp. 2nd 780, citing *Reyes-Requena v U.S*, 243 F.3d 893 (5th Cir. 2001); quoting *Davis v U.S.*, 94 S. Ct. 2298 (1974).

"Petitioner's actions were not criminal (prohibited-my emphasis) at the time they were allegedly committed" and "Petitioner is fact-ually innocent because his wrongful conviction (revocation-my emphasis) is based on conduct that was not a crime," (prohibited-my emphasis) *In re Lester*, 602 S.W. 3d 469. and

"Where a Petitioner shows he is actually innocent of the con-duct on which his incarceration is based, the incarceration is funda mentally unjust and miscarriage of justice applies." *Spence v Superintendent, Great Meadows Correctional Facility*, 219 F.3d 162 (2nd Cir. 2000).

Francis has shown that he was revoked for SISP violation allegations; that he was not on BPP imposed SISP conditions; that only the BPP can imposed modify Special Conditions; that no lawful authority exists in Texas that allows revocation of parole for alleged violations of a TDCT-PD policy or any other reason other than violation of a BPP imposed condition; that he had a right to stay free on parole as long as he did not violate BPP imposed conditions;

that he was revoked and imprisoned for alleged conduct that was not prohibited; that he is imprisoned with no lawful authority; that he is factually innocent of violating BPP imposed SISP conditions; that he was never charged with nor found to have violated BPP imposed conditions; that no rational trier of fact could have found him guilty of violating BPP imposed conditions when he was never charged with violating BPP imposed conditions; that no rational trier of fact would/could have revoked his parole had they known his parole could only be revoked for BPP imposed condition violations but he was accused of violating TDCJ-PD policy conditions; that he is imprisoned in violation of the Texas and U.S. Constitutions as well as laws and treaties of Texas and the United States.

Francis respectfully asserts that he has made a prima facie showing of all the above and the grounds herein and deserves relief in this case.

Respectfully,

Larry Gene Francis
Larry Gene Francis #353248
Hughes Unit-TDCJ-ID
3201- FM 929
Gatesville, Texas 76597

Jim Baxton                                          04-29-2025

1100 Commerce St., Rm. 1452
Dallas, Texas 75242



Re: §2254 petition filed April 2025

Dear Clerk:

    Please file the enclosed "Supplemental" §2254 petition and accompanying documents with the above referenced §2254 petition, and present to the Court? This petition is <u>not</u> intended to supercede the earlier filed petition, only to supplement it.
    The "Grounds" herein are actually addressed and detailed in Ground Three of the earlier petition but with the discovery/receipt of the March 12, 2025 letter from the BPP, the factual innocence of myself and lawfully void imprisonment, the grounds herein "overshadow" those in the earlier petition.
    I do not yet have the cause number of the earlier §2254 petition as I left Hughes Unit on medical chain before I could receive filing confirmation from your office.
    I apologize for any inconvenience this may cause as well as for having to do parts of this document on the back of federal forms. The Law Library Indigent Supply officer here on Byrd refuses to give me indigent "Legal Supplies" even tho I am entitled to them.
    Thank you for your time, trouble and assistance in this matter.
    Would you please confirm receipt of these and the earlier filed §2254 petition, but please verify whether I'm still here or back on Hughes before you mail confirmation? Thank you!

Respectfully yours,

Larry Gene Francis
LARRY GENE FRANCIS #353248
Byrd Unit-21 Fm 247
Huntsville, Texas 77320



NAME AND NUMBER: LARRY FRANCIS #353248
UNIT NAME:
Byrd Unit
21-Fm- 247
77320
3301 FM 929
GATESVILLE, TX. 76597 Huntsville, Texas

RECEIVED - 5

MAY 20 2025

MAILROOM

Karen Mitchell
Jim Beaton - Federal Court Clerk
1100 Commerce St., Rm. 1452
Dallas, Texas     75242

RAY!