IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY GENE FRANCIS, §<br>  #00353248, §<br>            PETITIONER, §<br> §<br>v. § CIVIL CASE NO. 3:25-CV-1303-G-BK<br> §<br>DIRECTOR, TDCJ-CID, §<br>            RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Larry Gene Francis' *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. As detailed here, the successive habeas petition in this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

In 1982, Francis was convicted of aggravated robbery and sentenced to life imprisonment. *Texas v. Francis*, No. F82-78622-PI (Crim. Dist. Ct. No. 2, Dallas Cnty., Oct. 28, 1982). Francis was released on parole in 2014, but his parole was revoked in 2018. He unsuccessfully challenged his parole revocation in state and federal habeas proceedings. *See Francis v. Richardson*, No. 3:19-CV-1979-N-BT, 2020 WL 2363496, at *1 (N.D. Tex. Mar. 9, 2020), *rec. adopted*, 2020 WL 2331223 (N.D. Tex. May 8, 2020) (denying federal habeas corpus petition), *certificate of appealability denied*, No. 20-10534, 2021 WL 4953727 (5th Cir. May 4, 2021), *cert. denied*, 142 S. Ct. 611 (2021).

By this action, Francis again challenges his parole revocation by raising new grounds for relief. Doc. 3 at 8-9. Specifically, he complains that he is factually innocent of violating Board of Pardons and Parole (BPP) "imposed SISP conditions" and that the BPP never found that he had "violated the BPP imposed conditions" in the first instance. *Id.* Francis thus avers that he is unlawfully confined in violation of his constitutional rights. Doc. 3 at 9.

Notwithstanding his claims here, Francis has not obtained prior authorization to file a successive application from the court of appeals.[1] Thus, he cannot proceed.

**II. ANALYSIS**

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir.

---

[1] Although Francis did not pay the $5 filing fee or file a motion to proceed *in forma pauperis*, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Francis must obtain such an order before he can file a successive application challenging his parole revocation, his petition should be dismissed without prejudice for lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Francis' successive habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on July 18, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).